UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NATI MANUEL ORTIZ, | ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) No. 4:07CV1821 HEA |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on movant's Motion under 28 U.S.C. § 2255 by a Person in Federal Custody to Vacate, Set Aside or Correct Sentence, [Doc. 1]. The government has responded to the motion. For the reasons set forth below, the motion is denied, without a hearing.

## Facts and Background

On July 31, 2006, Movant pled guilty pursuant to a written plea agreement to Count I of a Superceding Indictment to knowingly conspiring to distribute a substance containing cocaine in violation of 21 U.S.C. 841(a)(1) and 846. Pursuant to the parties' agreement, the parties waived their rights to appeal and Movant waived his right to file any post-conviction motions, with the exception of prosecutorial misconduct or claims of ineffective assistance of counsel. The Plea Agreement was filed with the Court. A Presentence Investigation Report was

ordered.

The Presentence Investigation Report disclosed that Movant had six adult convictions for misdemeanors. Movant was assessed four criminal history category points.[1] Movant also had an adult felony drug conviction from the State of Oklahoma. The sentence on this conviction was imposed prior to Movant's sentence in the underlying case in this Court. Three criminal history points were assessed for this conviction.

On November 16, 2006, Movant was sentenced to a term of 168 months incarceration and a term of supervised release of 5 years.

Movant initially raises the following issues for review:

District Court erred in its assessing (4) four Criminal History Points, without information, record nor proof of waiver, of the counted offense(s) over defense objections.

District Court erred in its assessing (3) three Criminal History Points, to a subsequent offense, not a prior offense.

District Court erred by improper or erroneous counting of prior offenses, when not countable under rule.

In response to Respondent's argument that Movant waived any post conviction challenges to his sentence except as to prosecutorial misconduct or

---

[1] Pursuant to Section 4A1.1(c) of the Sentencing Guidelines, even though Movant had six misdemeanor convictions, he could only be assessed a maximum of four criminal history points.

ineffective assistance of counsel at sentencing, Movant argues that he has indeed raised these issues as prosecutorial misconduct and ineffective assistance of counsel. Movant reasons that:

> United States Attorney intentionally applied erroneous prior acts-even after defense counsel objected to the violations in writing. Misconduct
>
> Counsel failed to establish the issue and withdraw plea due to the improper use of the enhancements. Ineffective Assistance.
>
> Plea Agreement waiver was intended to prevent Ortiz from a fair hearing and Constitutional Protections by requiring him to agree to waive errors not yet made.

However, even couched in these terms, *i.e.*, prosecutorial misconduct, ineffective assistance of counsel and unconstitutional waiver of errors not yet made, as Movant has subsequently argued, Movant raises no issues which entitle him to relief.

## **Standards for Relief Under 28 U.S.C. 2255**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Claims based on a federal statute or rule, rather than on a specific

constitutional guarantee, "can be raised on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Reed v. Farley*, 512 U.S. 339, 354 (1994)(quoting *Hill v. United States*, 368 U.S. 424, 477 n. 10 (1962)).

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "unless the motion, files and records of the case conclusively show that the prisoner is entitled to no relief." *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994)(citing 28 U.S.C. § 2255). Thus, a "[movant] is entitled to an evidentiary hearing 'when the facts alleged, if true, would entitle [movant] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996)(quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043.

It is well-established that a petitioner's ineffective assistance of counsel claim is properly raised under 28 U.S.C. § 2255 rather than on direct appeal. *United States v. Davis,* 452 F.3d 991, 994 (8th Cir.2006). The burden of demonstrating ineffective assistance of counsel is on a defendant. *United States v. Cronic,* 466 U.S. 648, 658 (1984); *United States v. White,* 341 F.3d 673, 678 (8th Cir.2003). To prevail on an ineffective assistance of counsel claim, a convicted defendant must

first show counsel's performance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The defendant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*, at 694.

Both parts of the *Strickland* test must be met in order for an ineffective assistance of counsel claim to succeed. *Anderson v. United States,* 393 F.3d 749, 753 (8th Cir.), *cert. denied,* 546 U.S. 882 (2005). The first part of the test requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Review of counsel's performance by the court is "highly deferential," and the Court presumes "counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The court does not "second-guess" trial strategy or rely on the benefit of hindsight, *id.,* and the attorney's conduct must fall below an objective standard of reasonableness to be found ineffective, *United States v. Ledezma-Rodriguez,* 423 F.3d 830, 836 (2005). If the underlying claim (*i.e.*, the alleged deficient performance) would have been rejected, counsel's performance is not deficient. *Carter v. Hopkins,* 92 F.3d 666, 671 (8th Cir.1996). Courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance

from counsel's perspective at the time of the alleged error. *Id.*

The second part of the *Strickland* test requires that the movant show that he was prejudiced by counsel's error, and "that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Anderson,* 393 F.3d at 753-54 (quoting *Strickland,* 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. When determining if prejudice exists, the court "must consider the totality of the evidence before the judge or jury." *Id.* at 695; *Williams v. U.S.,* 452 F.3d 1009, 1012-13 (8th Cir. 2006).

The first prong of the *Strickland* test, that of attorney competence, is applied in the same manner to guilty pleas as it is to trial convictions. The prejudice prong, however, is different in the context of guilty pleas. Instead of merely showing that the result would be different, the defendant who has pled guilty must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Matthews v. United States*, 114 F.3d 114.

Where a defendant raises multiple claims of ineffective assistance, each claim of ineffective assistance must be examined independently rather than collectively.

*Hall v. Luebbers,* 296 F.3d 385, 692-693 (8th Cir.2002); *Griffin v. Delo,* 33 F.3d 895, 903-904 (8th Cir.1994).

### **Discussion**

Movant contends that he was improperly assessed four criminal history points because there is no evidence that he was represented by counsel, nor that there is a waiver of counsel in the record. However, as the Government clearly and correctly argues, even assuming Movant was unrepresented, an uncontested misdemeanor conviction is countable in the calculation of a defendant's sentencing guidelines where the defendant suffered no imprisonment. *Nichols v. United States*, 511 U.S. 738, 748 (1994). Accordingly, there was no prosecutorial misconduct, nor any error in assessing the criminal history points for the un-counseled misdemeanor convictions.[2]

Likewise, these misdemeanors were appropriately counted because all misdemeanors and petty offenses are counted with the exception of listed offenses and crimes similar to listed offenses contained in Section 4A1.2(c). None of

---

[2] The Court has, for the purposes of this Motion, assumed Movant was not counseled at the time of these convictions. As the Government also correctly argues, it is incumbent on Movant to establish the unconstitutionality of the convictions and that he was indeed unrepresented. In light of the fact that the misdemeanors can be counted even *if* Movant was unrepresented, the Court need not discuss Movant's failure to carry his burden of establishing same.

Movant's misdemeanors fall within the listed or similar crimes contained therein.

Movant also complains that his Oklahoma conviction should not be considered in assessing criminal history points. Movant's argument is based on an incorrect analysis of the applicable guideline. Section 4A1.1 sets forth the number of criminal history points to be assessed for prior sentences of imprisonment. Section 4A1.2 states that a prior sentence "means any sentence previously imposed upon adjudication of guilty. . . for conduct not part of the instant offense." A prior sentence need only be imposed before the imposition of the instant sentence, and the events leading up to that sentence are not relevant to whether the sentence is in fact "a prior sentence." "'[the term 'prior sentence' means any sentence previously imposed upon the adjudication of guilt ... for conduct not part of the instant offense." *United States v. Copeland,* 45 F.3d 254, 256 (8th Cir.1995) (quoting U.S.S.G. § 4A1.2(a)(1)). The prior sentence need only be "imposed prior to sentencing on the instant offense." U.S.S.G. § 4A1.2 CMT. n. *U.S. v. Townsend,* 408 F.3d 1020, 1026 (8th Cir. 2005). Movant was sentenced on the Oklahoma charge before sentencing in this case, thus the assessment of criminal history points for this conviction was appropriate and there was no prosecutorial misconduct nor ineffective assistance of counsel for failing to establish this issue and "withdraw plea due to improper use of enhancements."

Considering that no errors were made in assessing criminal history points based on Movant's prior misdemeanors and his prior felony conviction, Movant's constitutional challenge to the plea agreement that it required him to "waive errors not yet made" is lacking any credible merit.

## Conclusion

Based upon the foregoing analysis, none of the grounds upon which Movant relies entitles him to relief.

## Certificate of Appealablity

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed herein, the Court finds that Movant has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Vacate, Set aside or Correct

Sentence, [Doc. 1], is **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Movant has not made a substantial showing of the denial of a federal constitutional right.

Dated this 28th day of April, 2008.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE